UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **Jessica Hines**, individually and on behalf of all others similarly situated, | No. |
| Plaintiff, | Judge<br>Magistrate Judge |
| v. | |
| **National Entertainment Group, LLC d/b/a Vanity**<br>c/o Abraham Amira<br>2880 Bethel Rd.<br>Columbus, Ohio 43221 | CLASS AND COLLECTIVE ACTION COMPLAINT |
| Defendant. | |

## CLASS AND COLLECTIVE ACTION COMPLAINT

Now comes Plaintiff, on behalf of herself and all others similarly situated, and brings this collective and class action against Defendant National Entertainment Group, LLC doing business as Vanity ("Defendant") due to its willful failure to compensate employees with proper pay in violation of the federal Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq*., the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), O.R.C. §§ 4111.01, *et seq.*, the Ohio Semi-Monthly Payment Act O.R.C. § 4113.15, O.R.C. §2307.60, and common law unjust enrichment by intentionally failing to pay full and accurate wages to employees for each hour worked in accordance with federal and Ohio law. In support of the claims stated above, Plaintiff alleges the following:

1. This is an action brought under the Fair Labor Standards Act, 29§§ 201, *et seq*., against Defendant National Entertainment Group, LLC doing business as Vanity ("Defendant") to

1

redress Defendant's long-standing abuse of the federal minimum wage and overtime standards. Plaintiff brings this action as a collective action under 29 U.S.C. § 216 (b). The FLSA violations raised in this lawsuit are straightforward – Defendant does not pay its employees anything.

2. This action is also brought under the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), O.R.C. §§ 4111.01, *et seq.*, for Defendant's failure to pay employees overtime at a wage rate of one and one-half times the employee's wage rate for hours worked in excess of forty hours in one workweek, and O.R.C. § 4111.08 for Defendant's failure to keep accurate records.

3. Defendant owns and operates an adult entertainment club in Columbus.

4. Plaintiff Jessica Hines is a non-exempt employee of Defendant and works as a Dancer. During her tenure as a dancer for Defendant, she did not receive the FLSA-mandated minimum wage for all hours worked nor did she receive time and a half her regular rate of pay for hours worked over forty in a given workweek.

5. In fact, Defendant did not compensate Plaintiff whatsoever for any hours she worked. Plaintiff was first required to pay to enter the club, and her only compensation came in the form of tips received from club patrons. Moreover, Plaintiff was required to divide those tips with Defendant and other employees who do not customarily receive tips. Consequently, Defendant failed to compensate Plaintiff and other similarly situated Dancers like her at federal mandated minimum wage rates, and failed to provide Plaintiff and others like her with commensurate overtime when they worked over forty hours in a given workweek.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1331, 28 U.S.C. § 1337(a), and 29 U.S.C. §216(b).

7. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 for those claims authorized under Ohio Revised Code Chapter 4111.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and S.D. Ohio Civ. R. 82.1(b) because the acts giving rise to the claims of the Plaintiff occurred within this judicial district, and Defendant regularly conducts business in and has engaged and continues to engage in the wrongful conduct alleged herein and thus, is subject to personal jurisdiction within this judicial district.

## PARTIES

9. Plaintiff Jessica Hines is a citizen of the State of Ohio who was employed by Defendant as a dancer in Columbus, Ohio during the statutory period covered by this Complaint.

10. Defendant National Entertainment Group, LLC doing business as Vanity is a for profit corporation registered to do business in Ohio. Defendant's principal place of business is 2880 Bethel Road, Columbus, Ohio 43220.

11. On information and belief, at all times relevant to this lawsuit, Defendant has gross operating revenues or business volume in excess of $500,000.

12. The putative Collective Action Members are all current and former Dancers who worked for Defendant at any location at any time within the three years prior to the filing of this Complaint through the date of final disposition of this action who did not receive minimum wages or overtime premium pay for hours worked over forty in a given workweek from Defendant.

13. The putative Class Action Members are all current and former Dancers who work or worked for Defendant in Ohio at any time within six years prior to the date of filing of this Complaint through the date of the final disposition of this action.

14. Plaintiff's consent to participate in this lawsuit in attached as Exhibit A to this complaint.

## FACTUAL ALLEGATIONS

15. Defendant employed Plaintiff as a dancer.

16. Defendant classifies all of its Dancer employees as independent contractors.

17. Defendant employed Plaintiff from about 2014 to the present.

18. During all relevant times, Defendant was Plaintiff's employer within the meaning of the FLSA and the OMFWSA.

19. Defendant maintained substantial control over Plaintiff and Dancers.

20. Plaintiff was compensated exclusively through "tips" from Defendant's customers.

21. Plaintiff and Dancers often worked at least a full forty hour workweek.

22. Plaintiff and Dancers were penalized for missing work and were required to pay a no-show fee.

23. Defendant required Plaintiff and Dancers to sign in with the house mom (or other employee if she was available) before getting dressed for the night.

24. Defendant maintained specific rules that all Dancers had to follow. These rules included a dress code and Dancer etiquette.

25. Defendant set the price that Dancers could charge for drinks, table dances, private dances, and all other services. Dancers could not set their own prices for any services.

26. Defendant had absolute control over admitting patrons and set the door price for admission. Dancers had no say in this matter.

27. Defendant handled all advertising and promotional activity, and determined what services Dancers would offer. Dancers had no say in this matter.

28. At the end of every night, Defendant took a cut from all tips made by Dancers for work performed for patrons. This included fees and money earned from dances and drinks.

29. Defendant maintained some type of recording of the Dancers' schedules, the services provided / sold by Dancers, and of the money earned by each Dancer.

30. Defendant was responsible for providing the locker rooms, dance stages (including poles), DJ, and music used by dancers.

31. Defendant did not require that Dancers have any special skills in order to obtain employment.

32. Plaintiff and Dancers are integral to the financial success of Defendant's business.

33. The practices and policies set by Defendant resulted in Plaintiff being paid less than the required minimum wage.

## FLSA ALLEGATIONS

34. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section, unless inconsistent.

35. The FLSA is to be construed expansively in favor of coverage, recognizing that broad coverage is essential to accomplish the goals of this remedial legislation, including the avoidance of unfair competition.

36. To determine employment status under the FLSA's broad remedial purpose, courts apply some form of the economic realities test to determine whether as a matter of economic reality, the individuals are dependent upon the business to which they render service.

37. The FLSA applied to Plaintiff and the putative Collective Action Members at all times that they worked as Dancers at Defendant's club.

38. No exemptions to the application of the FLSA apply to Plaintiff or the putative Collective Action Members. For instance, neither Plaintiff nor any putative Collective Action Member has ever been a professional or artist exempt from the provisions of the FLSA. The dancing required by Defendant does not require invention, imagination or talent in a recognized field of artistic endeavor and Plaintiff and the putative Collective Action Members have never been compensated by Defendant on a set salary, wage, or fee basis. Rather, Plaintiff and the putative Collective Action Members' sole source of income while working for Defendant was tips given to them by the club's patrons (i.e., stage dancing or single dancing tips).

39. At all relevant times, Plaintiff and the putative Collective Action Members were

employees of Defendant pursuant to the FLSA.

40. During the relevant time period, neither Plaintiff nor any putative Collective Action Member received money from Defendant in the form of wages, nor did they receive any other category of compensation (e.g., bonuses, shift differentials, per diem payments) from Defendant.

41. The money that Plaintiff and the putative Collective Action Members would receive from customers at Defendant's location is a tip, not a service charge as those terms are defined in relevant FLSA regulations. See 29 C.F.R. §§ 531.52, 531.53, & 531.55.

42. Those tips received by Plaintiff and the putative Collective Action Members do not become part of the Defendant's gross receipts to be later distributed to the Dancers at a given location as wages. Instead, dancers merely pay the club a portion of their tips.

43. Plaintiff and the putative Collective Action Members are tipped employees under the FLSA, as they are engaged in an occupation in which they customarily and regularly receive more than $30 per month in tips. See 29 U.S.C. § 203(t).

44. Defendant, however, is not entitled to take a tip credit for the amounts Plaintiff and the putative Collective Action Members received as tips. 29 U.S.C. § 203(m) requires an employer to inform its employee that it intends to rely on the tip credit to satisfy its minimum wage obligations. Here, Defendant affirmatively informed Plaintiff and the Collective Action Members that they would not be paid wages at all, much less paid a tip credit adjusted minimum wage.

45. Defendant's scheme to label Plaintiff and the putative Collective Action Members as independent contractors was designed to deny them their fundamental rights as employees to receive minimum wages, overtime, to demand and retain portions of tips given to putative Collective Action Members by Defendant's customers, and to enhance Defendant's profits.

46. Defendant's illegal scheme to label Plaintiff and the putative Collective Action Members as independent contractors rather than employees was willful.

47. Finally, federal law requires employers to make and keep accurate and detailed

payroll data for non-exempt employees. 29 U.S.C. § 211(c); 29 C.F.R. § 516.2. Amongst other things, the regulations require employers to make and keep payroll records showing data such as the employee's name, social security number, occupation, time of day and day of week which the workweek begins, regular hourly rate of pay for any week in which overtime pay is due, hours worked each workday and total hours worked each workweek, total daily or weekly straight time earnings, total premium pay for overtime hours, total wages paid each pay period and date of payment and pay period covered by the payment, and records of remedial payments. 29 C.F.R. § 516.2(a) & (b). Employers are required to maintain the foregoing data for a minimum of three years. 29 C.F.R. § 516.5. Defendant has failed to accurately keep the aforementioned records.

## COLLECTIVE ACTION ALLEGATIONS

48. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section, unless inconsistent.

49. Plaintiff brings this collective action on behalf of herself and all other similarly situated Dancers.

50. Plaintiff has actual knowledge that putative Collective Action Members have been denied wages for all hours worked in each workweek. Plaintiff worked with other Dancers at Defendant's location. As such, she has personal knowledge of the pay violations. Furthermore, other Dancer employees at Defendant's establishment have shared with her that they experienced similar pay violations as those described in this complaint.

51. Defendant misclassified Plaintiff and similarly-situated Collective Action Members as independent contractors to avoid obligation to pay them pursuant to the FLSA.

52. Plaintiff is not exempt from the overtime and minimum wage requirements under the FLSA.

53. Plaintiff and the Collective Action Members were subject to the same uniform illegal pay practices and policies. Defendant maintained a single common and unified illegal pay

policy that applied to all Dancers equally and failed to pay them the wages they were entitled to under law. Defendant erroneously classified all Dancers as independent contractors.

54. Defendant's illegal pay practices and policies are identified above and generally include failing to pay minimum wage for each hour worked, subjecting workers to an illegal tip pool policy, and charging money to employees for performing their essential job functions.

55. The putative Collective Action Members are similarly situated to Plaintiff in all relevant respects having performed the same work duties as Plaintiff and being similarly situated with regards to Defendant's policies and pay practices.

56. The putative Collective Action Members regularly work or have worked in excess of forty hours during a workweek.

57. The specific job titles or precise job responsibilities of each putative Collective Action Member does not prevent collective treatment.

58. The Collective Action Members are owed wages for the same reasons as Plaintiff.

59. Application of Defendant's illegal pay practices does/did not depend on the personal circumstances of Plaintiff or putative Collective Action Members. Rather, the same policy or practice which resulted in the non-payment of minimum and overtime wages applies to all putative Collective Action Members. Accordingly, Plaintiff seeks to represent the following class:

> **All of Defendant's current and former Dancers who are or were employed with Defendant during the three years before this Complaint was filed up to the present.**

60. Defendant knowingly, willfully, and with reckless disregard for the rights of putative Collective Action Members carried out an illegal pattern or practice of failing to pay minimum wages and overtime compensation.

61. Defendant did not act in good faith or reliance upon and of the following in formulating its pay practices: (a) case law, (b) the FLSA, (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

62. Defendant acted willfully in failing to pay Plaintiff and putative Collective Action Members in accordance with the law.

## OHIO LAW ALLEGATIONS

63. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section, unless inconsistent.

64. The OMFWSA, O.R.C. §§ 4111.01, *et seq.*, expressly incorporates the standards set forth under the FLSA.

65. Ohio law requires employers to pay employees wages including overtime at a rate of one and one-half times the employee's regular rate of pay for all hours worked in excess of forty hours in one workweek. O.R.C. §§ 4111.01, *et seq.*

66. Ohio law requires employers to maintain accurate pay records. O.R.C. § 4111.08.

67. Ohio law requires employers to, on or before the first day of each month, pay all its employees the wages earned by them during the first half of the preceding month ending with the fifteenth day thereof, and shall, on or before the fifteenth day of each month, pay such employees the wages earned by them during the last half of the preceding calendar month. O.R.C. § 4113.15.

68. Ohio common law prohibits the windfall of unjust enrichment.

69. O.R.C. § 2307.60 permits anyone injured in person or property by a criminal act to recover damages in a civil action, including exemplary and punitive damages.

## CLASS ACTION ALLEGATIONS

70. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section, unless inconsistent.

71. Plaintiff brings her claims for relief under Ohio law on behalf of herself and a Class of persons under Rules 23(a), (b)(2), and (3) of the Federal Rules of Civil Procedure defined as follows:

> **All of Defendant's current and former Dancers who are or were employed with Defendant during the three years before this Complaint was filed up to the present.**

72. **Numerosity (FED. R. CIV. P. 23(a)(1)).** The putative Class Action Members are so numerous that joinder of all members is impracticable. The precise number of such persons is unknown, and the facts on which that number can be ascertained are presently within the sole control of Defendant. Upon information and belief, there are over forty putative Class Action Members.

73. **Commonality (FED. R. CIV. P. 23(a)(2)).** Common questions of law and fact exist as to putative Class Action Members, including, but not limited to, the following:

   a. Whether Defendant misclassified Class Action Members as independent contractors;

   b. Whether Defendant failed to pay wages including overtime pursuant to O.R.C. §§ 4111.01 *et seq.*;

   c. Whether Defendant failed to keep records pursuant to O.R.C. § 4111.08;

   d. Whether Defendant failed to timely pay Class Members in accordance with O.R.C. § 4113.15;

   e. Whether Defendant was unjustly enriched by work and services performed by Class Members; and

   f. The proper measure of damages sustained by the putative Class.

74. **Typicality (FED. R. CIV. P. 23(a)(3)).** Plaintiff's claims are typical of those of the putative Class Action Members. Plaintiff, like other Class Action Members, was subjected to Defendant's policy and practice of refusing to pay wages owed to its Dancers in accordance with Ohio law.

75. **Adequacy (FED. R. CIV. P. 23(a)(4)).** Plaintiff will fairly and adequately represent and protect the interests of the putative Class.

76. **Adequacy of counsel (FED. R. CIV. P. 23(g).** Plaintiff has retained counsel competent and experienced in complex class actions, the FLSA, and state labor and employment litigation.

77. Class certification of the Ohio claims is appropriate pursuant to FED. R. CIV. P. 23(b)(2) because Defendant has acted or refused to act on grounds generally applicable to the putative Class, making appropriate declaratory and injunctive relief with respect to the Plaintiff and the putative Class Action Members as a whole.

78. **Predominance and Superiority (FED. R. CIV. P. 23(b)(3)).** Class certification of the Ohio claims is also appropriate under FED. R. CIV. P. 23(b)(3) because questions of law and fact common to the putative Class Action Members predominate over any questions affecting only individual members of the putative Class Action, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendant's common and uniform policies and practices unlawfully fail to compensate the members of the putative Class. The damages suffered by individual members of the putative Class are small compared to the expense and burden of individual prosecution of this litigation. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation which might result in inconsistent judgments about Defendant's practices.

79. **Notice (FED. R. CIV. P. 23(c)(2)(B)).** Plaintiff intends to send opt-out notice to all members of the putative Class to the extent provided by Rule 23.

80. Plaintiff's claims are typical of the claims of the Class, and a class action is superior to other available methods of fair and efficient adjudication of the controversy- particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate defendants.

## CAUSES OF ACTION

### First Claim: Fair Labor Standards Act: Failure to Pay Minimum Wages and Overtime (On Behalf of Plaintiff and the Collective Action Members)

81. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section, unless inconsistent.

82. The foregoing conduct, as alleged, violated the FLSA.

83. Plaintiff and the putative Collective Action Members are nonexempt employees entitled to be paid overtime compensation for all overtime hours worked, as defined above. *See* 29 U.S.C. § 203(e)(1).

84. Defendant was, and is, required to pay its employees, Plaintiff and the putative Collective Action Members, at least the minimum wage for all hours worked under forty in a given workweek. 29 U.S.C. § 206.

85. Defendant was, and is, required to pay its employees, Plaintiff and the putative Collective Action Members, overtime premiums in an amount of one and one half times their regular rate of pay for all hours worked over forty hours in a given workweek. 29 U.S.C. § 207.

86. Defendant failed to pay Plaintiff and the putative Collective Action Members their federally mandated overtime wages for all hours worked over forty in a given workweek.

87. Defendant also unlawfully retained certain tips. Those tips were the sole property of Plaintiff and the putative Collective Action Members and were not made part of Defendant's gross receipts. 29 C.F.R. §§ 531.52, 531.53, & 531.55.

88. No tip credit applies to reduce or offset Defendant's liability under the FLSA,

because Defendant did not inform Plaintiff and the putative Collective Action Members that it would be applying a tip credit to satisfy a portion of the statutory minimum wage, nor did Plaintiff and the putative Collective Action Members retain all tips, except those included in a tipping pool among employees who customarily receive tips. 29 U.S.C. § 203(m).

89. Accordingly, Plaintiff and the putative Collective Action Members are entitled to the full statutory minimum wages set forth in 29 U.S.C. § 206 & 207.

90. Defendant's conduct was willful and done to avoid paying minimum wages and overtime. 29 U.S.C. § 255(a). Therefore, Plaintiff and the putative Collective Action Members are entitled to a three (3) year statute of limitations.

91. Plaintiff and the putative Collective Action Members seek all damages to which they are entitled under the FLSA, including their back minimum wages, back overtime wages, liquidated damages, attorneys' fees and costs, post-judgment interest, and specifically plead recovery for the three (3) year period preceding the filing of this lawsuit through its resolution.

92. Defendant failed to pay Plaintiff and the putative Collective Action Members the federally-mandated minimum wage for all hours worked under forty in a given workweek. Moreover, Defendant did not pay any overtime. Defendant did not pay Plaintiff and Collective Action Members at all. Accordingly, Defendant violated the FLSA minimum wage and overtime provisions.

**Second Claim:**
**Ohio Minimum Fair Wage Act Violations-**
**O.R.C. § 4111.01,** *et seq***.**
**(On Behalf of Plaintiff and the Class Members for minimum wage violation and the Class Members who opt-in for overtime violations)**

93. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section, unless inconsistent.

94. Defendant failed to pay minimum wages to Plaintiff and the putative Class Action

Members.

95. Defendant failed to pay wages including overtime to Plaintiff and putative Class Action Members.

96. Defendant's failure to pay proper wages to Plaintiff and Class Action Members for each hour worked including but not limited to those hours worked in excess of forty hours per week was willful within the meaning of the Ohio Minimum Fair Wage Standards Act and in reckless disregard of applicable law.

97. Plaintiff, on behalf of herself and the putative Class Action Members, seeks restitution in the amount of the respective unpaid minimum and overtime wages earned and due at a rate of not less than one and one half times the regular rate of pay for all hours worked over forty in a given workweek.

98. As a result of Defendant's illegal actions, Plaintiff thereon as well Class Action Members suffered lost wages and other losses such as incurring the costs of attorneys' fees associated with this action. Thus, they seek treble damages and attorneys' fees.

## Third Claim:
## Ohio Semi-Monthly Payment Act O.R.C. § 4113.15
**(On Behalf of Plaintiff and the Class Members)**

99. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section, unless inconsistent.

100. During all times material to this complaint, Defendant was an entity covered by the Ohio Semi-Monthly Payment Act, and Plaintiff and the Class Action Members are/were employed by Defendant within the meaning of the Ohio Semi-Monthly Payment Act.

101. The Ohio Semi-Monthly Payment Act requires Defendant to pay Plaintiff and the Class Action Members all wages, including unpaid overtime, and the pay that was improperly deducted, on or before the first day of each month, for wages earned by them during the first half

14

of the preceding month ending with the fifteenth day thereof, and, on or before the fifteenth day of each month, for wages earned by them during the last half of the preceding calendar month. *See* O.R.C. § 4113.15(A).

102. During all times relevant to this complaint, Plaintiff and the Class Action Members are/were not paid wages, described as overtime wages at one and one-half times their regular hourly rate and the pay improperly deducted, within thirty days of performing the work. *See* O.R.C. §4113.15(B).

103. Defendant failed to timely pay Class Action Members according to O.R.C. § 4113.15—indeed Defendant did not pay Class Action Members at all. Plaintiff on behalf of herself and Class Action Members seeks wages owed and interest due pursuant to O.R.C. § 4113.15.

**Fourth Claim: Unjust Enrichment**
**(On Behalf of Plaintiff and the Class Members)**

104. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section, unless inconsistent.

105. Plaintiff and the Class Action Members performed work and services that conferred a benefit upon Defendant and were integral to the financial success of Defendant's business.

106. Defendant had knowledge that Plaintiff and Class Action Members performed this work and of the benefit it incurred as a result.

107. Defendant retained the benefit of the work and services of Plaintiff and Class Action Members.

108. Under the circumstances, retention of this benefit by Defendant would be unjust without payment to Plaintiff and Class Action Members.

109. Defendant was unjustly enriched and owes Plaintiff and Class Action Members for the retention of the benefit resulting from their work and services including money damages.

**Fifth Claim for Relief: O.R.C. § 2307.60**
**(On Behalf of Plaintiff and the Class Members)**

110. Plaintiff restates and incorporates the foregoing allegations as if fully rewritten herein.

111. The Fair Labor Standards Act, 29 U.S.C. § 216(a), imposes criminal penalties for willful violations of the FLSA.

112. By their acts and omissions described herein, Defendant has willfully violated the FLSA, and Plaintiff and the Class Members have been injured as a result.

113. O.R.C. § 2307.60 permits anyone injured in person or property by a criminal act to recover damages in a civil action, including exemplary and punitive damages.

114. Section 4111.10(C) specifically states that it applies to employees seeking to "join as a party plaintiff in any civil action that is brought under this section." "Because § 4111.10(C) states it applies only to 'this section,' i.e., civil actions brought under the OMFWSA, it does not apply to [O.R.C. § 2307.60]." *See Oglesby v. FedEx Ground Package Systems, Inc.*, Case No. 3:20-cv-00346 at Doc. #78, pp. 11-12, 16 (S.D. Ohio, March 23, 2023).

115. As a result of Defendant's willful violations of the FLSA, Plaintiff and the Class Members are entitled to compensatory and punitive damages pursuant to O.R.C. § 2307.60.

**PRAYER FOR RELIEF**

**Wherefore**, Plaintiff and similarly situated individuals are entitled to and pray for the following relief:

A. Certification of this action of a class action pursuant to Fed.R.Civ.P.23(b)(2) and (3) on behalf of the Collective Action Members and appointment of Plaintiff and her counsel to represent the Collective Action Members;

B. Designation of this action as a collective action on behalf of Collective Action Members and prompt issuance of notice to all similarly-situated members of an opt-in class, apprising them of this action, permitting them to assert timely wage

and hour claims in this action and appointment of Plaintiff and her counsel to represent the Collective Action Members;

C. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and OMFWSA;

D. An award of unpaid wages due under the FLSA, the OMFWSA and O.R.C. § 4113.15, and the Ohio Semi-Monthly Payment Act O.R.C. § 4113.15;

E. Interest owed in accordance with the Ohio Semi-Monthly Payment Act O.R.C. § 4113.15;

F. An award of liquidated and treble damages as a result of Defendant's failure to pay minimum wages including overtime pursuant to 29 U.S.C. § 216 and O.R.C. §§ 4111.01 *et seq.*;

G. An award of prejudgment and post judgment interest;

H. An award of compensatory damages;

I. An award of costs and expenses of this action together with reasonable attorneys' fees and expert fees;

J. Such other legal and equitable relief as this Court deems appropriate.

Respectfully submitted,

s/ *Michael L. Fradin*
Michael L. Fradin, Esq. (OH#0091739)
8401 Crawford Ave. Ste. 104
Skokie, IL 60076
Telephone: 847-986-5889
Facsimile: 847-673-1228
Email: mike@fradinlaw.com

By: /s/ *James L. Simon*
James L. Simon (OH#0089483)
SIMON LAW CO.
11 ½ N. Franklin Street
Chagrin Falls, Ohio 44022
Telephone: (216) 816-8696
Email: james@simonsayspay.com

**JURY DEMAND**

Representative Plaintiff hereby demands a trial by jury on all claims so triable.

s/ *Michael L. Fradin*